UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21589-CV-UNGARO
(18-20700-CR-UNGARO)
Magistrate Judge Reid

OZIE LEE HOLMES, JR.,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MOVANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE

COMES NOW the Movant, OZIE LEE HOLMES, JR., by and through the undersigned counsel and hereby files his Reply to the Government's Response to the Movant's Motion to Vacate, and as grounds in support thereof would state as follows:

The Government first argues that Mr. Holmes's ineffective assistance claims should be denied because he has failed to establish that he was prejudiced (DE-CV-23:12-13). Although the Government correctly cited the *Strickland v. Washington*, 466 U.S. 668, 687 standard which requires a defendant making a Sixth Amendment claim of ineffective assistance of counsel to show: (1) that counsel's performance was deficient, meaning that "counsel's representation fell below an objective standard of reasonableness," Id. at 688 and (2) that "the deficient performance prejudiced the defendant", Id. at 694, their argument is misplaced since Holmes did suffer prejudice as a result of his enhancements under both the ACCA and the career offender section.

Specifically, Mr. Holmes has suffered prejudice because he should not have been deemed either a career offender under the Sentencing Guidelines nor as an armed career criminal under the

1

ACCA, where he received a 15 year mandatory minimum sentence as a result of that improper enhancement[1]. Accordingly, and as argued by Mr. Holmes in his petition, this incorrect designation caused him prejudice since he should not have been subject to the 15 year mandatory minimum sentence imposed pursuant to the ACCA. In other words, absent the 15 year mandatory minimum sentence, Mr. Holmes would have been eligible to receive a sentence significantly less than the minimum mandatory sentence imposed and has therefore shown prejudice.

The Government next argues that Claim One: ineffective assistance for failure to file an appeal is controlled by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) which holds that an attorney who fails to file an appeal on a defendant's behalf acts in a deficient manner when the defendant specifically requested such appeal be filed, Id. at 477. When no specific request is made, an attorney has a duty to consult the defendant if either (1) any rational defendant would want to appeal (where, for example, there exists a non-frivolous basis to appeal) or (2) the defendant demonstrated an interest in appealing. Id. at 480 (DE-CV-14).

The Government correctly noted that Mr. Holmes contends that he asked his counsel to file an appeal on his behalf and that his counsel did not do so, and therefore that allegation warrants an evidentiary hearing. Finally, the Government noted that Mr. Holmes Co-Defendants did not appeal which Mr. Holmes would assert is not relevant to his instant petition since they were not similarly situated to him (DE-CV-23:14-15).

The Government next argues that Claims Two and Three: ineffective assistance for failure to object to the PSI's ACCA's and career offender designations are without merit (DE:23-CV-15-20). Mr. Holmes respectfully disagrees with the Government's assertion that he was properly

---

[1] Additionally, Mr. Holmes's guideline range was significantly increased due to the career offender enhancement which should not have been utilized due to the staleness of the predicate offenses utilized for that enhancement. (See argument, infra).

designated and enhanced under both the ACCA and the career offender section of the Sentencing Guidelines. With respect to the ACCA enhancement, Mr. Holmes had relied on *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) for the proposition that the Government may not rely on additional prior convictions (apart from the two cited in the PSI) to support the ACCA's enhancement without first having provided notice. Taking the Government's argument at face value, the disharmony between the Eleventh Circuit's precedent in *Tribue v. United States*, 929 F. 3d 1326, 1332 (11th Cir. 2019) and the Fourth Circuit's *Hodge* decision at a minimum creates a circuit split regarding the validity of relying on non-specified prior predicate offenses to enhance a defendant under the ACCA and would therefore be a viable issue for Supreme Court review. Additionally, this exact issue has not squarely been addressed in *Tribue*, and it is Mr. Holmes position that the ACCA requires the Government to identify three qualifying predicate offenses prior to sentencing which was clearly not done in this case. Accordingly, he should not have been enhanced and sentenced to a 15 year mandatory minimum sentence pursuant to the ACCA.

With respect to the career offender enhancement, the Government argues that Mr. Holmes was properly enhanced as a career offender pursuant to the Sentencing Guidelines since his prior convictions for aggravated assault with a firearm and strong armed robbery both fell within the 15 year window required by U.S.S.G. § 4A1.2(e)(1) (DE-CV-23:17-18). Mr. Holmes respectfully disagrees with this argument since the 15 year window had expired on these cases as he was in prison serving a different sentence for battery on a LEO and resisting officer with violence which was consecutive to those two earlier sentences the Government relies on. To illustrate, he was sentenced on Docket No. 91-5912CF10A to 15 years state prison with 310 days credit for time served and on Docket No. 91-14712 CF10A, he was sentenced to concurrent sentences of 15 years

state prison which was imposed on May 15, 1992. (PSR at Paragraphs 93 and 94)[2]. While in prison serving those sentences, Mr. Holmes picked up a new case, Docket No. 97-CF-00011, which he pleaded guilty to on September 8, 1997 for the offenses of battery on a LEO and resisting officer with violence wherein he received a 46 month consecutive sentence. (PSR at Paragraph 95). Accordingly, it is Mr. Holmes's position which is legally sound that those two earlier predicate offenses utilized to enhance him were indeed stale and therefore should not have been used to increase his guideline sentencing range since they expired outside of the 15 year window prior to him serving the more recent consecutive sentence imposed in the 1997 case.

Accordingly, Mr. Holmes should not have been enhanced under either the ACCA or the career offender guidelines[3].

WHEREFORE, the Movant, OZIE LEE HOLMES, JR., moves this Court to grant his petition and vacate his sentence and allow him to be re-sentenced without either the ACCA or career offender enhancements.

Respectfully submitted,

OBRONT COREY, PLLC
Attorneys for Movant

By: /s/     Curt Obront
Curt Obront, Esq.
Florida Bar No. 402494
100 South Biscayne Boulevard
Suite 800
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040
E-mail: curt@obrontcorey.com

---

[2] Additionally, he was also sentenced concurrently to five years state prison and 12 months county jail for the other two counts in Case No. 91-14712CF10A at that time.

[3] With respect to the last remaining Issue 4, Mr. Holmes would rely on his previous pleadings filed in support of that issue.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/     Curt Obront
Curt Obront, Esq.