UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-21589-SINGHAL/REID

OZIE LEE HOLMES, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** has come before the Court upon Movant Ozie Lee Holmes, Jr.'s ("Holmes") Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Motion") (DE [8, 9]).  Originally this matter was assigned to then District Judge Ursula Ungaro—the sentencing judge—and referred to Magistrate Judge Lisette Reid for Report and Recommendation pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-02 (DE [2]).  The magistrate judge conducted an evidentiary hearing, and, on October 13, 2021, issued a Report and Recommendation (DE [60]) ("R & R") concluding that the Motion be denied on the merits.  Holmes filed objections to the R & R (DE [68]) on December 20, 2021.  The government filed a response to those objections (DE [70]) on January 2, 2022, and Holmes filed a reply (DE [71]) on January 10, 2022.  For the reasons discussed below, the Court overrules Holmes' objections and denies the Motion.

    **I.**    **BACKGROUND**

On August 23, 2018, a grand jury in the Southern District of Florida indicted Holmes, charging him with multiple gun and drug related federal offenses (DE [13]).  On

December 20, 2018, while represented by Attorney Roderick Vereen ("Attorney Vereen"), Holmes entered into a plea agreement in which he pled guilty to two offenses: (1) conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and (2) possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See* R & R 3.  In the plea agreement, the Government agreed to recommend a sentence at the low end of Holmes' guidelines range and to not seek additional enhancements under U.S. Sentencing Guidelines Manual §§ 2D1.1 or 2K2.1.  But the agreement expressly indicated that "this provision [did] not relate to any applicable recidivism enhancements or mandatory minimum sentences pursuant to § 4B1.1 (Career Offender) or the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)." (CR DE [100], ¶ 9(c)).

Before sentencing, U.S. Probation submitted a Presentence Investigation Report ("PSI").  The PSI set Holmes' base offense level at 30 pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(5) because the offense involved 1,000–3,000 kilograms of marijuana. *See* PSI ¶ 70.  And because of his role in the offense, Probation applied an additional enhancement increasing his offense level to 33. *See* PSI ¶ 74.  First, probation concluded that Holmes was an armed career criminal under 18 U.S.C. § 924(e). *See* PSI ¶ 77.  Second, probation concluded Holmes was a career offender under USSG § 4B1.1 because of a 1991 felony strong armed robbery conviction and 1991 felony aggravated assault with a firearm conviction. *Id.*  The career offender enhancement increased his guidelines offense level to 37. *Id.*  Finally, Holmes received a three-point reduction for acceptance of responsibility and assisting authorities, resulting in a total offense level of 34. *Id.*  The PSI additionally reported Holmes' other prior adult convictions,

including robbery by force, and battery on a law enforcement officer and resisting an officer with violence. *Id.* ¶ 91, 95.  The PSI concluded that because Holmes was an armed career criminal and career offender, his criminal history category was VI. *Id.* ¶ 96–97. Accordingly, because Holmes' total offense level was 34 and he had a criminal history category of VI, his advisory guidelines range of imprisonment was 262–372 months. *Id.* ¶ 142.

Several months after entering the guilty plea but before sentencing, Holmes filed a letter seeking to withdraw his plea, claiming that he was coerced by Attorney Vereen into signing the plea agreement (CR DE [145]).  The court struck the motion (CR DE [147]), and Holmes filed a letter/motion requesting change of counsel (CR DE [153]). Attorney Diego Weiner ("Attorney Weiner") filed a notice of appearance on Holmes' behalf, indicating that his representation was "for sentencing only" (CR DE [158, 159]). Holmes made no further attempt to withdraw the plea.

At sentencing, Attorney Weiner [1] requested a sentence of 180-months, the statutory mandatory-minimum for the felon-in-possession firearm charge with the ACCA enhancement. *See* CR DE 236 at 11–14; 16–19.  During the hearing, the court asked Probation which offenses qualified under the ACCA.  Probation responded that the offenses included those listed in paragraphs 93 and 94 of the PSI, which included only the 1991 strong-arm robbery conviction and 1991 aggravated assault with a firearm conviction. *Id.*; *see* PSI ¶¶ 93–94.  The court then asked Probation what Holmes' sentencing guidelines range would be if he were not an Armed Career Criminal, and Probation responded that "he would have been a 30, criminal history category 3, which

---

[1] Attorney Diego Weiner was joined by attorneys Jeffrey Weiner and Annabelle Nahra at sentencing.

would have been 121 to 151 months." CR DE 236 at 21:5-7. The court concluded that categorizing Holmes as an Armed Career Criminal based on "two ancient convictions, which, frankly, [were] a little marginal in terms of their consistency with the Armed Career Criminal statute . . . unfairly penalize[d] him." *Id.* at 21:8-14. Accordingly, the Court sentenced Holmes to the statutory mandatory sentence of 180 months for the felon-in-possession firearm charge and ACCA enhancement. *Id.*

On April 15, 2020, Holmes filed the present motion under 28 U.S.C. § 2255 (DE [1, 8, 9]. Holmes raises four grounds for relief. *See* (DE [8]). First, he argues ineffective assistance of sentencing counsel, Diego Weiner, for failing to file an appeal. *Id.* at 4. Second, he argues ineffective assistance of sentencing counsel for failing to object to the PSI designating Holmes as an armed career criminal pursuant to the Armed Career Criminal Act. *Id.* at 5. Third, he argues ineffective assistance of sentencing counsel for failing to object to Holmes' designation as a career offender in the PSI. *Id.* at 7. Fourth, he argues ineffective assistance of trial counsel, Roderick Vereen, for failing to inform Movant that the alleged "second plea" offer would expose him to a greater sentence than the "first." *Id.* at 8.

## II. STANDARD OF REVIEW

"When a district court refers a matter to a magistrate judge to conduct an evidentiary hearing and make findings of fact, the district court is required to make a 'de novo determination.' In making its determination, the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit—the court may adopt the magistrate judge's findings in whole, in part, or not at all." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)); *see*

*LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).  The district court may "adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination," but it may not "reject a magistrate judge's findings regarding the credibility of testifying witnesses without holding a new hearing." *Amlong*, 500 F.3d at 1245 (citing *United States v. Raddatz*, 447 U.S. 667, 680–81 (1980)).

## III. DISCUSSION

Holmes argues he is entitled to relief under 28 U.S.C. § 2255 because he was denied effective assistance of counsel as required by the Sixth Amendment.  In *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the Supreme Court established a two-prong test to determine whether a movant was denied effective assistance of counsel.  The movant must show (1) counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and (2) movant's "rights were prejudiced as a result of the attorney's substandard performance, *Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005).  In *Strickland*, the Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." 466 U.S. at 689.  If a court finds a claim under § 2255 to be valid, the court must vacate the sentence, grant a new trial, or correct the sentence. 28 U.S.C. § 2255.  The burden of proof is on the movant to establish that vacatur of the conviction or sentence is necessary. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### (1) Whether Holmes has shown that Attorney Weiner was ineffective for not filing a Notice of Appeal.

The magistrate judge found that Holmes did not prove by a preponderance of the evidence that counsel was ineffective for failing to file a notice of appeal because Holmes could not show that he asked his attorney to do so. R&R at 19.  The magistrate judge discussed that Holmes did not once testify that he asked Attorney Weiner to file an appeal at any time after sentencing. *Id.*  At best, Holmes contends that he hired Attorney Weiner to file a notice of appeal at the outset of the representation and expected that he would do so after sentencing. *Id.* at 17.  Yet Holmes could not produce any correspondence or evidence showing that he requested his counsel to file this notice. *Id.* at 19.  By contrast, Attorney Weiner testified that Holmes never instructed him to appeal but rather explicitly told him not to file a direct appeal *Id.* at 18.  Attorney Weiner testified that he explained to Holmes immediately after sentencing, in the presence of two other attorneys and a paralegal, that he had received the lowest possible sentence, to which Holmes did not request an appeal.[2] *Id.* Attorney Weiner testified that he visited Holmes four days after the sentencing hearing to discuss his right to appeal, and again, Holmes said he did not want to appeal. *Id.*  Finally, Attorney Weiner testified that Holmes had never expressly asked him to file a notice of appeal either at the outset of his representation, directly after sentencing, during their meeting four days after sentencing, or any time thereafter. *Id.* at 18–19.  The magistrate judge noted that she found Attorney Weiner to be consistent, detailed, and plausible. *Id.* at 18.

---

[2] As an interesting sidenote, see DE [20] at 21, lines 18-20.  Upon hearing the sentencing judge's intention to sentence Holmes to 180 months—far below the scored sentencing range—his family and his witnesses applauded, ostensibly in agreement.  Then, on line 24, Holmes says simply, "Thank you, Judge."

Holmes objects arguing, in essence, that circumstantial evidence supports an inference that Holmes did in fact request an appeal from Attorney Weiner. *See* (DE [68] at 8–9). Holmes argues that he first discovered the nature of his plea agreement in his probation officer interview, which he contends is evidenced by the fact that he subsequently fired his prior attorney and hired a new one. *Id.* at 8. Holmes next attacks the credibility of Attorney Weiner. *Id.* He contends that Weiner lacked a clear recollection of his conversation with Holmes and material facts of the case. *Id.* For example, Holmes notes that Weiner could not recall whether prior counsel had objected to the ACCA or career offender classifications during his testimony. *Id.* Yet Holmes concedes that he did not recall whether he requested an appeal in his interview with Attorney Weiner four days after sentencing. *Id.* at 8–9. The crux of Holmes' argument is that Holmes' desire to avoid sentencing enhancements and facts in support thereof demonstrate that he must have requested an appeal. *Id.*

It is "well-settled [] that an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). "[E]ven if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes." *Id.* at 792. "If so, the attorney has only acted unreasonably if he has ignored the client's wishes to appeal the case." *Id.* Thus, the two issues before the Court are (1) whether Weiner consulted Holmes regarding his right to appeal, and (2) whether Holmes requested that Weiner file a notice of appeal.

The Parties agree that Weiner consulted Holmes on at least one occasion regarding his right to appeal. Weiner explained to Holmes immediately after his sentencing that he had received the lowest possible sentence. R & R 18. And four days later, Weiner met with Holmes specifically to inquire whether he wanted to file an appeal. *Id.* The disputed issue is whether Holmes requested that Weiner file a notice of appeal. The magistrate judge determined, based on her credibility assessment of each witness' testimony, that Holmes did not request his attorney to file a notice of appeal. *Id.* at 17–18. This Court defers to the magistrate judge's credibility assessment. First, Holmes did not once testify that he explicitly asked Attorney Weiner to file an appeal at any time after sentencing. *Id.* And Holmes has not presented any correspondence or evidence showing that he requested his counsel to file a notice of appeal. *Id.* at 18. Second, Attorney Weiner testified that Holmes never told him to appeal and explicitly told him not to file a direct appeal. *Id.* The magistrate judge found Weiner's testimony consistent, detailed, and plausible. *Id.* Immediately after sentencing, in a conversation with Weiner, two other attorneys, and a paralegal, Weiner testified that Holmes made no mention of desiring to appeal. *Id.* And four days later, in a meeting with Holmes to discuss his right to appeal, Weiner testified that Holmes again said he did not want to appeal. *Id.* Third, Holmes was informed by the sentencing Court that he had a 14-day window to file an appeal and that a court could appoint counsel to represent him on appeal. *Id.* at 19. Holmes's objections on this issue center around lodging attacks against the credibility of Weiner's testimony. The Court sees no reason to second-guess the magistrate judge's witness testimony credibility determinations. Accordingly, the Court agrees with the magistrate judge's conclusion that Holmes did not request that Attorney Weiner file a notice of appeal.

### (2) Whether Holmes has shown that Attorney Weiner was ineffective for failing to object to Holmes' ACCA designation in the PSI.

The magistrate judge concluded that Holmes could not prove ineffectiveness of counsel for failing to object to his ACCA designation in the PSI. Title 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), imposes a mandatory 15-year sentence on anyone convicted of a § 922(g) violation who has three prior convictions for a violent felony or serious drug offense. The magistrate judge acknowledged that the government and probation officer never specifically identified which of the convictions in the PSI qualified as ACCA predicates. R&R at 19. Nevertheless, the PSI contained a total of four qualifying convictions in the criminal history section, and Holmes did not challenge the validity of any of them. *Id.* at 20–21. Holmes essentially argues Attorney Weiner was ineffective because he did not object to Holmes' ACCA designation on the basis that the qualifying offenses were not identified as such in the PSI. Yet as the learned magistrate judge correctly observed, in this Circuit, "there is no requirement that the government prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate in order to . . . avoid later claims that it has waived use of those convictions as qualifying ACCA predicates." *Tribue v. United States*, 929 F.3d 1326, 1332 (11th Cir. 2019).

Holmes objects arguing that a decision from the U.S. Court of Appeals for the Fourth Circuit, *United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018), supports his position that his ACCA enhancement was invalid. *See* (DE [68] at 10). *Hodge* held that when one of the convictions used to support a defendant's ACCA enhancement was invalidated, the government could not identify other convictions to sustain the

enhancement on collateral review. *Hodge*, 902 F.3d at 427. Additionally, *Hodge* requires the government to identify all convictions used to support an ACCA enhancement in a PSI at the time of sentencing. *Id.* at 430. Holmes further objects by claiming that a purported circuit split between the Fourth and Eleventh circuits on this issue formed a basis for Supreme Court review. *See* (DE [68] at 11). Finally, Holmes objects claiming that Attorney Weiner, during his testimony, was unaware of how many predicate offenses were required for ACCA enhancement and was unaware that Holmes' prior attorney had objected to the PSI. *Id.*

First, unlike the defendant in *Hodges*, Holmes cannot establish that any of his prior ACCA-qualifying convictions have been invalidated. Second, this Circuit does not require "the government [to] prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate in order to . . . avoid later claims that it has waived use of those convictions as qualifying ACCA predicates." *Tribue*, 929 F.3d at 1332. Third, as the magistrate judge noted, while *Hodge* did rely on Eleventh Circuit precedent, in *Tribue*, this Circuit distinguished those cases to situations where the defendant objected to ACCA classification at sentencing. R & R at 22; *see Tribue*, 929 F.3d at 133–34. In other words, a defendant cannot claim on habeas review unfair surprise that the government has relied on additional convictions to support ACCA designation when the defendant never objected to any of the convictions that qualified him for ACCA designation at sentencing. *See id.*

At his sentencing, Holmes did not object to his ACCA designation on the basis that his convictions did not qualify for ACCA enhancement. R & R at 23. And Holmes is not now arguing that Attorney Weiner was ineffective for failing to do so. Rather, Holmes is

now arguing Attorney Weiner was ineffective for failing to object to his ACCA designation on the basis that (1) the convictions were not identified as ACCA-qualifying convictions in the PSI, and that (2) probation only identified two convictions when asked by the Court during the sentencing hearing. However, neither of these are requirements in this Circuit. *See Tribue*, 929 F.3d at 1332. Thus, such an objection would have been meritless, and an attorney cannot be ineffective for failing to raise a meritless argument. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Accordingly, the Court agrees with the magistrate judge that Holmes has not shown by a preponderance that Attorney Weiner was ineffective in failing to object to Holmes' ACCA designation.

### (3) Whether Holmes has shown that Attorney Weiner was ineffective for failing to object to Holmes' career offender designation in the PSI.

The magistrate judge rejected Holmes' claim that counsel was ineffective for failing to object to the predicate offenses used to designate him a career offender. R & R at 23–25. Critically, Holmes was not sentenced as a career offender because the sentencing court disregarded the 262–327 month guideline recommendation and instead sentenced Holmes to the 15-year (180 month) mandatory minimum under the ACCA. R & R at 23. Holmes' objections completely ignore this fact and rehash prior arguments challenging the calculation of his sentencing guidelines range. Thus, Holmes cannot establish prejudice because any failure by his attorney to object to his guidelines range calculation would not have affected his sentencing outcome.

### (4) Whether Holmes has Shown that Counsel was Ineffective for Failing to Inform Holmes that the Alleged "second plea" Offer would Expose him to a Greater Sentence.

The magistrate judge found that Holmes could not prove the existence of a prior plea agreement. Holmes not only presented no evidence of a prior plea agreement, but also his claim was contradicted by his own sworn statements at his change-of-plea hearing. R & R 27. At the plea hearing, Holmes testified under oath that he was fully satisfied with his counsel and had received a full opportunity to review his plea agreement with his lawyer before signing. *Id.* Holmes testified that there was neither anything in the terms or conditions of his plea agreement that he did not understand, nor was he coerced into entering the plea agreement. *Id.* And when given an opportunity to withdraw his plea with new counsel, he declined. *Id.* at 28.

Holmes objects to the magistrate judge's findings by asserting conclusory statements regarding coercion. He asserts that because all plea agreements are inherently coercive and the agreement was signed shortly before the sentencing hearing, there are grounds to infer coercion. The Court rejects this contention. A defendant's statements under oath at a plea hearing give rise to a presumption that the plea is constitutionally adequate. *See Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). And courts apply a "strong presumption" that statements made by a defendant during a change-of-plea colloquy are true. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Holmes' sworn statements discussed above form a presumption that his plea is constitutionally adequate. And this Court applies a strong presumption that he did in fact receive a full opportunity to review his plea agreement with his lawyer before signing, understood the terms and conditions of the plea, and was not coerced into signing it. Holmes' present assertions of coercion, based solely on the timing of when he signed, and a generalized claim that all plea agreements are inherently

coercive, cannot overcome this presumption. Accordingly, this Court agrees with the magistrate judge that Holmes cannot prove ineffectiveness of counsel because Holmes has not proven by a preponderance of the evidence the existence of a second plea offer.

The sentencing judge here went well below the bottom of the guidelines by finding the qualifying offenses she considered applicable to Holmes to be "ancient" and thus "unfairly penaliz[ing]" (DE [20] at 21). But one of the qualifying offenses not considered, occurred several years after the "ancient" ones and could very well have altered the sentencing judge's thinking and vastly increased the sentence here. On the other hand, in all criminal cases, the delivery of the message can be as important as the message itself. A troubling colloquy took place at the sentencing hearing as follows (DE [20] at 3):

> MR. D. WEINER: Your Honor, there were certain objections that affect the correctness of the PSI. I don't know that they'll have any effect on the guideline calculation.
>
> THE COURT: Yes. Right. So why should I bother addressing them?
>
> MR. D. WEINER: And, Your Honor, we would say just to have a proper PSI, Your Honor.
>
> THE COURT: *Okay. Well, I'm not interested*.
>
> MR. D. WEINER: I understand, Your Honor.

Even where the sentence in the overall scheme of things—however long—is considered lenient, and particularly in those cases involving mandatory sentences and diminished discretion, judges must always be interested in each side's presentation. To

state otherwise reduces confidence in the Court system. Here, however, there was no prejudicial effect or error in sentencing.

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [60]) is **AFFIRMED** and **ADOPTED**. Holmes' Amended Motion (DE [8]) is **DENIED** with prejudice. It is **FURTHER ORDERED** that Holmes' Objections to the Report and Recommendation (DE [68]) are **OVERRULED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of February 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF